## MITCHELL v. SHELDON and Another.

If, to assumpsit on a promissory note, the defendant plead a failure of consideration on account of the non-delivery of goods, the plaintiff may reply generally that the consideration has not failed. The note is *prima facie* evidence of a consideration; and the want or failure of consideration, in such case, must be pleaded and proved.

Assumpsit on a promissory note. Two pleas: 1st, non-assumpsit, and issue; 2dly, as to part, a failure of consideration. Replication as to the second plea, demurrer, and judgment for the plaintiff. *Held*, that, whilst the first issue was undisposed of, the plaintiff could not have final judgment for the amount of the note.

ERROR to the *Harrison* Circuit Court.—*Sheldon* and *Dixon* were the plaintiffs below, and *Mitchell* was the defendant.

HOLMAN, J.—Assumpsit on a promissory note for 246 dollars and 48 cents. Pleas, first, non-assumpsit, and issue; secondly, that the note was given upon the consideration, that the plaintiffs agreed to put up and deliver to said defendant, goods, wares, and merchandise, to the value of said sum by invoice; and the said defendant avers, that the said plaintiffs failed to de-

Wednesday, November 5.

24

Nov. Term,
1828.

MITCHELL
v.
SHELDON.

liver by invoice a part of said goods, wares, and merchandise, to the value of 100 dollars; which the said defendant is ready to verify. Wherefore he says, that the consideration of the note aforesaid, to the value of said goods, wares, and merchandise, not delivered as aforesaid, has failed. And as to the residue of said demand, in said declaration mentioned, the defendant says nothing in bar or preclusion thereof; nor can he deny that for said residue he did undertake and promise, as charged in said declaration. Replication, that the plaintiffs ought not to be barred from maintaining said action for the full amount mentioned in said note, because they say, that the consideration of the said note hath not failed, nor has any part thereof, in manner and form as the defendant hath stated, &c. Special demurrer by the defendant, because the replication does not specially answer the allegations in the plea, nor aver the delivery of the goods, &c.

The Circuit Court overruled the demurrer, and gave judgment for the plaintiff for the amount of the note, without taking any notice of the issue on the plea of non-assumpsit. This was wrong; and this is the only error in the case; for the replication to the special plea is sufficient. The note is *prima facie* evidence of a consideration, and when a want or failure of consideration is relied on, it must be pleaded and proved. The non-delivery of the goods, mentioned in the special plea, constituted the failure of consideration set up in this case, and it lay upon the defendant to prove that the goods were not delivered. Consequently, a general replication was all that could be required of the plaintiffs. But final judgment should not have been given, until some disposition had been made of the first issue. It is true, that all the amount of the note but 100 dollars, is admitted to be due to the plaintiffs, yet as the plea of non-assumpsit extends to the whole cause of action, the claim of the plaintiffs to the 100 dollars may be controverted under it: the issue on that plea should, therefore, have been submitted to a jury.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Nelson* and *Farnham*, for the plaintiff.

*Dewey*, for the defendants.